**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ace Asphalt of Arizona, Inc.,

Plaintiff,

vs.

Esau Cooper Stanley, dba Ace Paving,

Defendant.

No. CIV 04-3024-PHX-DKD

**STIPULATED PERMANENT INJUNCTION**

The parties have reached a settlement that includes the issuance of a Permanent Injunction. Therefore,

IT IS ORDERED:

1. Defendant, his officers, directors, agents, employees, representatives, successors, assigns, and all persons acting in concert with him, or under his direction or authority, are hereby PERMANENTLY ENJOINED from the following:

(a) After December 15, 2005, and excluding any Yellow or White Page advertising existing as of the date of this injunction, using the name and mark ACE PAVING ("Disputed Mark"), or any other mark that is confusingly similar to the Plaintiff's trademark ACE ASPHALT in any state aside from New Hampshire and Massachusetts;

(b) Representing in words or conduct that it or products or services it provides, offers for sale, sells, advertises or renders are supplied,

authorized, sponsored or endorsed by or otherwise connected in any way with Plaintiff Ace Asphalt;

(c) Paragraph (b) above of this injunction does not prohibit Defendant from using the Disputed Mark in the states of Massachusetts and New Hampshire where such use does not result in any false designation of origin, false or misleading description of fact or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship, or approval by Plaintiff of defendant's goods, services, or commercial activities;

(d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (c) above; and,

(e) causing or inducing any other persons or business entities to engage in or perform any of the activities referred to in paragraphs (a) through (c) above.

2. No later than December 15, 2005, Defendant will deliver by facsimile and mail a signed letter certifying under penalty of perjury and witnessed by a notary that all use of the Disputed Mark has ceased, excluding use within the states of New Hampshire and Massachusetts.

3. No later than January 15, 2006, Defendant shall deliver by facsimile and mail a signed letter certifying under penalty of perjury and witnessed by a notary that all use of the Disputed Mark and all records using the Disputed Mark have been changed or canceled, including those records with the Arizona Registrar of Contractors. The terms of this paragraph do not apply to Defendant's use of the Disputed Mark within the states of New Hampshire and Massachusetts.

4. Except for payment as agreed in the Parties' Settlement Agreement, the Parties shall bear their own attorneys' fees and costs in this Lawsuit.

DATED this 30th day of November, 2005.

David K. Duncan
United States Magistrate Judge